IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GEORGE SALLEY : CIVIL ACTION
:
v. :
:
SOUTHEASTERN PENNSYLVANIA :
TRANSPORTATION AUTHORITY : NO. 10-318

MEMORANDUM

Fullam, Sr. J. January 28, 2010

      The plaintiff filed two lawsuits in the Philadelphia Court of Common Pleas, alleging in both cases that he was injured after slipping on a floor mat at 30th Street Station. One case was filed against Septa and the other against Amtrak. Both sought damages of not more than $50,000. Amtrak removed the case against it to this Court, as was its right. Now the plaintiff has filed a notice of removal of his own case against Septa, asserting that it is a "companion case" to the suit against Amtrak.

      This action must be remanded. Setting aside the question of whether a plaintiff may file a notice of removal (the removal statute, 28 U.S.C. § 1441, specifies that a defendant or defendants may remove a civil action), this Court lacks subject-matter jurisdiction over the dispute. There is no basis for either diversity or original jurisdiction. The fact that there is a related case is irrelevant: this case must properly invoke

the jurisdiction of the Court in its own right. The plaintiff presumably could have filed suit against both defendants in the same civil action; had he done so, the claim against Septa would have been removed to federal court along with the claim against Amtrak. If the plaintiff wishes to litigate the two cases together, it may be that he can file an amended complaint in the case against Amtrak to add Septa as a defendant; I express no opinion on the feasibility or desirability of that course of action.

An order will be entered.

BY THE COURT:


/s/ John P. Fullam
John P. Fullam,    Sr. J.